IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ALBERT JEROME LOCKWOOD, )
#134376, )
 )
      Petitioner, )
 )
v. ) Civil Action No. 2:07cv715-WKW
 )
RALPH HOOKS, WARDEN, et al., )
 )
      Respondents. )

**PETITIONER'S RESPONSE TO THE RESPONDENTS' ANSWER**

Comes now, Albert Jerome Lockwood, proceeding pro se, and files his response to the Respondents' Answer.

I. PROCEDURAL HISTORY

On February 24, 2004, the Petitioner was convicted of attempted murder. He was sentenced to life imprisonment without the possibility of parole. Petitioner appealed from the conviction. On September 24, 2004, the Alabama Court of Criminal Appeals affirmed the conviction in a memorandum opinion. The certificate of judgment was issued on November 3, 2004. Petitioner filed a petition for post-conviction relief in the trial court pursuant to Rule 32 of the Alabama Rules of Criminal Procedure on January 28, 2005. The petition was dismissed by the trial court on November 10, 2006, and Petitioner appealed the dismissal, which was affirmed by the Alabama Court of Criminal Appeals on April 20, 2007, and the Alabama Supreme

Court denied the petition for writ of certiorari on July 13, 2007. Petitioner filed the present petition in this court on August 2, 2007.

## II. DISCUSSION

### Ineffective Assistance Of Counsel

Respondents assert that Petitioner's claims that his trial counsel was ineffective should be denied because he has failed to show that the state courts resolved these claims in a manner contrary to or involving an unreasonable application of federal law as established by United States Supreme Court precedent, or that the state courts made any unreasonable determinations of facts in light of the evidence.

In **Bottoson v. Moore**, 234 F.3d 526 (11th Cir.2000), **cert. denied**, 534 U.S. 956, 122 S.Ct. 357, 151 L.Ed. 2d 270 (2001), the Eleventh Circuit elaborated on the applicable standard:

> A state-court decision is contrary to the Supreme Court's clearly established precedent (1) if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or (2) if the state court confront a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. **See Williams v. Taylor**, 529 U.S. 362, 120 S.Ct. 1495, 1519-20, 146 L.Ed. 2d 389 (2000).
>
> A state court decision involves an unreasonable application of Supreme Court precedent "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case."

**Williams**, 120 S.Ct. at 1520. In addition, a state court decision involves an unreasonable application of Supreme Court precedent "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." **Id.** 234 F.3d at 531. The Act, as amended, presumes as correct all determinations of factual issues made by a state court and places the burden upon the petitioner of rebutting such a presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e).

An ineffective assistance of counsel claim is examined under the "totality of the circumstances." **House v. Balkcom**, 725 F.2d 608, 615 (11th Cir.1984), **cert. denied**, 469 U.S. 870, 105 S.Ct. 218, 83 L.Ed. 2d 148 (1984)). An attorney's performance is presumed to have been reasonable and must not be examined with the aid of judicial hindsight. **Messer v. Kemp**, 760 F.2d 1080, 1088 (11th Cir.1985). Moreover, a federal court must apply a "heavy measure of deference to counsel's judgments." **Singleton v. Thigpen**, 847 F.2d 668, 670 (11th Cir.1988)(quoting **Strickland**, 446 U.S. at 691).

The Petitioner asserts that, in affirming the dismissal of his Rule 32 petition for post-conviction relief, the Alabama state court's determination that his counsel had not been ineffective was an unreasonable application of federal constitutional law as declared by the U.S. Supreme Court, or alternatively, the Alabama state court's determination was an

unreasonable interpretation of the facts of the case in light of the evidence presented, 28 U.S.C. §2254(d)(1); **Williams v. Taylor**, 529 U.S. 362, 404-05, 120 S.Ct. 1495, 146 L.Ed. 2d 389 (2000)-specifically the Alabama state court's was unreasonable to reject the Petitioner's claim that his lawyer's representation of him at trial fell below the minimum level of competence required in the representation of a criminal defendant and with minimally competent representation the Petitioner would have had a significant, not merely a theoretical, chance of acquittal.

### III. CONCLUSION

The Court should grant the writ of habeas corpus in this case since it is clear that the Petitioner was denied his Sixth Amendment right to effective assistance of counsel.

I declare under penalty of perjury that the above information is true and correct.

Respectfully submitted, this the 29th day of October, 2007.

*Albert J. Lockwood*
Albert J. Lockwood
Pro Se, Petitioner

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing Petitioner's Response to the Respondents' Answer on Assistant Attorney General John M. Porter, Office of the Attorney General, Alabama State House, 11 South Union Street, Montgomery, AL 36130-0152, by sending a copy of same via first class United States Mail, postage prepaid and properly addressed on this the 29th day of October, 2007.

*Albert J. Lockwood*
Albert J. Lockwood
Pro Se, Petitioner
AIS #134376, K-22-2A
St. Clair Correctional Facility
1000 St. Clair Road
Springville, AL 35146-5582

Albert Jerome Lockwood
AIS #134376, K-22-2A
St. Clair Correctional Facility
1000 St. Clair Road
Springville, AL 35146-5582

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, AL 36101-0711

neopost
$0.41
10/30/2007
Mailed From 35146
US POSTAGE