IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALBERT JEROME LOCKWOOD, | ) | |
| # 134376, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:07cv715-WKW |
| | ) | (WO) |
| RALPH HOOKS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.   INTRODUCTION AND PROCEDURAL HISTORY

State inmate Albert Jerome Lockwood ("Lockwood") has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  By his petition, Lockwood seeks relief from his 2004 conviction for attempted murder following a jury trial in the Circuit Court of Montgomery County.  On March 18, 2004, the trial court sentenced Lockwood, pursuant to Alabama's Habitual Felony Offender Act, to life in prison without the possibility of parole.

Lockwood filed a direct appeal, presenting claims that (1) the trial court erred in allowing into evidence a transcript of a statement he made to police when the audiotape recording of that statement had been lost by law enforcement; (2) the trial court erred in allowing into evidence his statement to police because he was denied his right to remain silent and his right to an attorney during questioning; (3) the trial court gave undue emphasis to the evidence of flight when it instructed the jury on flight after giving its other oral instructions; and (4) the trial court erred in failing to instruct the jury that it had the option to disregard his

statement to police or the option to find him not guilty of any crime. (*Doc. No. 9, Exhs. A-C.*)[1] On September 24, 2004, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed Lockwood's conviction and sentence.[2] (*Exh. D*.) The appellate court overruled Lockwood's application for rehearing on October 15, 2004. (*Exhs. E and F*.) Lockwood did not seek certiorari review with the Alabama Supreme Court, and the Alabama Court of Criminal Appeals entered a certificate of judgment on November 3, 2004. (*Exh. G*.)

On January 28, 2005, Lockwood filed a state post-conviction petition pursuant to Ala.R.Crim.P. 32. In his Rule 32 petition, Lockwood argued he was denied effective assistance of trial counsel because counsel failed to preserve the following claims for appellate review: (i) the trial court erred by denying his motion to suppress the transcript of his statement to police because law enforcement had acted in bad faith; (ii) the trial court erred in allowing his statement into evidence because he was denied his right to remain silent and his right to an attorney during questioning; (iii) the trial court erred in giving undue emphasis to the evidence of flight by instructing the jury on flight after giving its other oral instructions; and (iv) the trial court erred in failing to instruct the jury that it had the option to disregard his statement to police or to find him not guilty of any crime. (*Exh. H at 5-25*.) On March 28,

_____

[1]In this and other sections of the court's Recommendation, all references to exhibits, unless otherwise noted, are to State's Exhibits included with the State's Answer, Doc. No. 9.

[2]The appellate court held that to the extent Lockwood made the general argument that the trial court erred in admitting the transcript of his statement to police, despite the fact that the recording of the statement had been lost by law enforcement, Lockwood's claim was meritless. (*Exh. D at 2-4.*) The appellate further court held that Lockwood's remaining claims had not been properly preserved for appellate review. (*Id. at 4-7.*)

2005, the trial court entered an order finding Lockwood's claims to be without merit and denying his Rule 32 petition. (*Exh. H at 31-32.*) The Alabama Court of Appeals dismissed Lockwood's appeal from the trial court's order, finding that the order was void because Lockwood had not paid the filing fee for his Rule 32 petition and his application for *in forma pauperis* status had not been ruled on by the trial court. (*Exh. H at 40-41.*) The trial court subsequently granted Lockwood's request to proceed *in forma pauperis* and issued a second written order again denying his Rule 32 petition. (*Exh. H at 60 and Supp. 4-5.*) Lockwood appealed, reasserting the claims in his Rule 32 petition and also arguing that the trial court erred in summarily dismissing his petition without conducting an evidentiary hearing. (*Exh. I.*) On April 27, 2007, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed the trial court's denial of Lockwood's Rule 32 petition, finding that Lockwood failed to show that his trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). (*Exh. K.*) Lockwood filed an application for rehearing, which was overruled on May 11, 2007. (*Exhs. L and M.*) On July 13, 2007, the Alabama Supreme Court denied Lockwood's petition for writ of certiorari and issued a certificate of judgment. (*Exhs. N and O.*)

Lockwood filed this 28 U.S.C. § 2254 petition (*Doc. No. 1*) on August 2, 2007. In his petition, Lockwood asserts the following claims:

1.     He was denied effective assistance of counsel when his trial counsel failed to object to the admission into evidence of the transcript of his statement to police that was obtained in bad faith, in violation of his right to remain silent, and after he had

invoked his right to counsel.

2.     He was denied effective assistance of counsel when his trial counsel failed to object to the trial court's placing of undue emphasis on the evidence of flight by instructing the jury on flight after giving its other oral instructions.

3.     He was denied effective assistance of counsel when his trial counsel failed to object to the trial court's failure to instruct the jury that it had the option to disregard his statement to police and to find him not guilty of any crime.

(*Doc. No. 1 at 7-8.*)

In their answer, the respondents contend that Lockwood's claims are meritless and therefore do not entitle him to federal habeas relief. (*Doc. No. 9 at 5-11.*) Specifically, the respondents argue that Lockwood fails to show that the state courts resolved his claims in a manner contrary to or involving an unreasonable application of federal law as established by United States Supreme Court precedent, or that the state courts made any unreasonable determinations of facts in light of the evidence. (*Id. at 5.*) *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). Lockwood was granted an opportunity to reply to the respondents' answer, and did so. (*Doc. No. 11.*)

After due consideration of the § 2254 petition, the answer of the respondents, Lockwood's reply to that answer, and the record in this case, the court concludes that an evidentiary hearing is not required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and that the petition should be denied.

## II.   DISCUSSION

**A.**     *Standard of Review*

To prevail on his § 2254 claims adjudicated on the merits by the state courts, Lockwood must show that a decision by the Alabama state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) and (2);[3] *see Williams v. Taylor*, 529 U.S. 362, 404-05 and 412-13. A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 405-06. A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails

---

[3]28 U.S.C. § 2254(d) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)   resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or

(2)   resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

to extend a clearly established legal principle to a new context in a way that is objectively unreasonable.  *Id*. at 407.  "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'"  *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (citing *Williams*, 529 U.S. at 409).  It is the objective reasonableness, not the correctness *per se*, of the state court decision that this court must decide.  *See Williams*, 529 U.S. at 411; *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). "Under § 2254(d)(1)'s 'unreasonable application' clause, ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.   Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411. Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)."  *Price v. Vincent*, 538 U.S. 634, 639 (2003).  The Supreme Court admonishes that such evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)."  *Id.* at 636.    Additionally, a  state court's summary rejection of a federal

6

constitutional issue qualifies as an adjudication on the merits under § 2254(d), so that the summary rejection is entitled to the same deference as a written opinion. *See Wright v. Sec. of Dept. Of Corr.,* 278 F.3d 1245, 1254 (11th Cir. 2002).

**B.      *Ineffective Assistance of Counsel***

>    **1.      The *Strickland* Standard**

Lockwood asserts various claims of ineffective assistance of trial counsel in his § 2254 petition. The Alabama Court of Criminal Appeals applied *Strickland v. Washington*, 466 U.S. 668 (1984), in determining that the trial court did not err in denying the claims of ineffective assistance of counsel presented in Lockwood's Rule 32 petition. (*Exh. K.*) *Strickland* sets forth the clearly established federal law on this issue. The state courts did not decide Lockwood's claims of ineffective assistance of counsel "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts," nor did the state court apply a rule that contradicts governing federal law. *Williams*, *supra*, 529 U.S. at 412. Thus, this court will determine whether the state courts' rejection of Lockwood's claims of ineffective assistance of counsel was an unreasonable application of the *Strickland* standard.

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. A petitioner must satisfy the requirements of a two-pronged test to prevail on his claims of ineffective assistance of counsel. First, the petitioner must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland* 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under

prevailing professional norms." *Id.* Once this threshold test is met, the petitioner must then show that the deficient performance of his counsel prejudiced his defense. *Id.* at 687. To establish prejudice, the petitioner is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Unreliability or unfairness does not result if counsel's ineffectiveness does not deprive the defendant of any substantive or procedural right to which the law entitles him. *See Williams v. Taylor*, 529 U.S. at 393 n.17 (2000).

There is a strong presumption that counsel's performance was reasonable and adequate and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992).

## 2. Failure to Object to Admission of Transcript of Statement to Police

Lockwood claims that his trial counsel rendered ineffective assistance by failing to object to the admission into evidence of the transcript of his statement to police that was allegedly obtained in bad faith, in violation of his right to remain silent, and after his right to counsel had been invoked. (*Doc. No. 1 at 7.*)

Presented with this claim in Lockwood's appeal from the trial court's denial of his Rule 32 petition, the Alabama Court of Criminal Appeals held, as it did with all claims of

ineffective assistance of counsel presented by Lockwood, that Lockwood failed to meet the two-prong test required by *Strickland* to prevail on an ineffective assistance claim, specifically, that Lockwood failed to prove that his counsel's performance was deficient or that he was prejudiced by that alleged deficiency.   (*Exh. K at 5.*)   Further, the Court of Criminal Appeals found that Lockwood "failed to provide a 'clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds,' as required by Rule 32.6(b), Ala.R.Crim.P." (*Exh. K at 5-6.*) Finding Lockwood's claims to be "nothing but bare allegations unsupported by any specific facts," the appellate court ruled that the trial court's summary denial of Lockwood's Rule 32 petition was proper. (*Id.* at 6.)

Although he asserts that his statement to police was obtained in bad faith (*Doc. No. 1 at 7*), Lockwood fails to allege any facts supporting this conclusion.   On direct appeal, Lockwood argued that the trial court erred in allowing into evidence a transcript of his statement when the audiotape recording of the statement had been lost by law enforcement. The Alabama Court of Criminal Appeals, however, rejected this argument, finding as follows:

> To the extent that Lockwood makes the general argument that the trial court erred in allowing into evidence a transcript of a statement he made to the police, despite the fact that the audiotape recording of that statement had been lost by law enforcement, that argument is meritless.
>
> In *Battle v. State*, 645 So.2d 344 (Ala. Crim. App. 1994), this Court stated:
>
>> "'Where the tape-recorded statement or conversation is missing or unavailable, "[a] typewritten transcript of [the recording] is

admissible where the officer who listened to the conversation at the time of the recording testifies that the transcript accurately reflect[sl the conversation." *Hawkins* [*v. State*], 443 So.2d [1312, 1314-15 (Ala. Crim. App. 1983)]. We have also permitted the admission of a transcript where the tape recording was inaudible in places. *Thornton v. State*, 570 So.2d 762 (Ala.Cr.App. 1990); *Hill v. State*, 516 So.2d 876 (Ala.Cr.App. 1987); *Dawkins v. State*, 455 So.2d 220 (Ala.Cr.App. 1984).'"

645 So.2d at 346-347, quoting *Jackson v. State*, 594 So.2d 1289, 1297 (Ala. Crim. App. 1991). Similarly, in *Hawkins v. State*, 443 So.2d 1312 (Ala. Crim. App. 1983), this Court, faced with a situation where the police had lost the audiotape of the appellant's confession, but had presented a transcript of the statement and the testimony of the officer who was present during the statement who testified that he had listened to the audiotape and read the transcript and that the transcript was accurate, stated:

"[T]he State could have proved the contents of Hawkins' statement without the tape recording or the typewritten transcript. Any person who was present and heard the statement could have testified to its content. *Gordon v. State*, 34 Ala. App. 278, 280, 41 So.2d 608, affirmed, 252 Ala. 492, 41 So.2d 610 (1949). The unavailability of a tape recording of a confession does not preclude the admission of the oral testimony of a witness to the inculpatory statement. *Fleming v. State*, 57 Ala. App. 556, 329 So.2d 616 (1976)."

443 So.2d at 1314. Finally, "'[a] typewritten transcript of a recorded conversation is admissible where the officer who listened to the conversation at the time of the recording testifies that the transcript accurately reflected the conversation.'" *Self v. State*, 512 So.2d 811, 816 (Ala. Crim. App. 1987), quoting *Hawkins v. State*, supra, at 1314-15.

Here, Officer D.J. Belcher testified that he was present during the interview with Lockwood, that he had reviewed the audiotape before it had been lost and had compared it to the transcript, and that the transcript was an accurate representation of the conversation. Thus, the prosecution adequately satisfied the "reliable representation standard" in establishing the predicate for the admission of the tape recording and the transcript. See *Ex parte Fuller*, 620 So.2d 675, 678 (Ala. 1993). Questions concerning the "inaudible" portions of

10

the transcript went to the weight that the jury should afford the transcript and statements, not the admissibility of that evidence; similarly, questions about law enforcement's handling and subsequent loss of the audiotape of the conversation went to Officer Belcher's credibility and the weight that the jury should afford his testimony.

(*Exh. D at 2-4.*)

At trial, Officer Belcher testified that the audiotape of Lockwood's statement was accidentally misplaced and could not be located after a diligent search. (*Exh. A - Vol. 2 at 150-51.*) Lockwood's unsupported allegation of bad faith on the part of law enforcement and his conclusory assertion that his counsel rendered ineffective assistance in this regard are simply insufficient to satisfy the *Strickland* standard. *See Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). In the absence of evidence of bad faith, the transcript was admissible under Alabama law. Therefore, counsel was not ineffective for failing to object. *Cape v. Francis*, 741 F.2d 1287 (11th Cir. 1984) (Where evidence is admissible, counsel's failure to object does not constitute ineffective assistance of counsel).

Lockwood also asserts that his trial counsel should have objected to the admission of the transcript of his statement because his statement was obtained in violation of his right to remain silent and after he had invoked his right to counsel. (*Doc. No. 1 at 7.*) Again, Lockwood again fails to set forth any facts in support of this contention. The record shows that Officer Belcher testified at trial that although Lockwood invoked his right to remain silent at one point during questioning, after which the officer turned off the tape recorder and

11

immediately stopped his interrogation of Lockwood, the questioning of Lockwood was resumed two hours later on Lockwood's own initiative. (*Exh. A - Vol. 2 at 168-71.*) Officer Belcher's testimony in this regard was uncontroverted, and Lockwood does not point to any evidence supporting a conclusion that he was coerced into resuming his conversation with the police. "[W]here a defendant asserts his right to remain silent ...[,] law enforcement officials are required to cease questioning the defendant but may resume the interrogation at some later time." *United States v. Bosby*, 675 F.2d 1174, 1182 (11th Cir. 1982) (citing *Michigan v. Mosley*, 423 U.S. 96 (1975)). In any event, Officer Belcher's testimony established that it was Lockwood who initiated resumption of the conversation, and thus this court is not faced with the question of whether the two-hour delay in the resumption of questioning by Officer Belcher constituted a reasonable time between interrogations.[4]

Nor does Lockwood point to any evidence indicating that he ever requested an attorney while being questioned by the police. Even if this court (in the absence of such evidence) were to assume that Lockwood's invocation of his right to remain silent was accompanied by a request for counsel, the fact that Lockwood initiated the subsequent conversation with police rendered admissible any incriminating statements he made after resuming the conversation. The prohibition against further questioning of a defendant upon his assertion of his right to counsel, as set forth by the Supreme Court in *Edwards v. Arizona*, 451 U.S. 477, 482 (1981),

---

[4]The Supreme Court in *Michigan v. Mosley*, *supra*, did not specify the length of time that law enforcement officials must wait before resumption of questioning after a defendant has invoked his right to remain silent. However, under the facts of *Mosley*, the Court held that two hours between interrogations constituted a reasonable time. *See* 423 U.S. at 104-05.

"does not ... stand for the broad proposition that every statement made by a defendant after invoking his right to counsel will always be inadmissible.  For example, where a defendant initiates the conversation that leads to incriminating statements, the statements are admissible."  *Bosby*, 675 F.2d at 1182 n.11 (citing *Edwards*, 451 U.S. at 483).

Lockwood's bare assertion that his counsel rendered ineffective assistance by failing to object to the admission of his statement on grounds that it was obtained in violation of his right to remain silent and after he had invoked his right to counsel is insufficient to satisfy the *Strickland* standard. The state court's rejection of this claim was objectively reasonable. *Williams*, 529 U.S. at 405-06.  Therefore, Lockwood is not entitled to federal habeas relief based on this claim.

### 3.    Failure to Object to Instructions on Flight Given at End of Trial Court's Oral Charge

Lockwood also contends that his trial counsel rendered ineffective assistance by failing to object when the trial court instructed the jury on flight at the end of its oral charge.  (*Doc. No. 1 at 7*.)  According to Lockwood, by giving the flight instructions last, shortly before the jury retired to deliberate, the trial court placed undue emphasis on the evidence of flight, improperly influencing the jury to his detriment.  (*Id.*)  Lockwood's assertion in this regard is no more than a conclusory allegation challenging his trial counsel's performance.  He demonstrates no impropriety in the manner in which the instructions on flight were given, and any prejudice supposedly resulting from the timing of the court's flight instructions is entirely speculative.

13

Lockwood also suggests that the State deliberately requested the instructions on flight only after the court had given its other oral instructions in order to emphasize the flight evidence in the minds of jurors. On direct appeal, the Alabama Court of Criminal Appeals held that Lockwood failed to preserve this issue for appellate review. However, the appellate court noted that,

> to the extent Lockwood is complaining that the State deliberately waited until the trial court had finished instructing the jury to request the instruction on evidence of flight, the record does not support that assertion. The State, *during the charge conference*, asked for the trial court to give its standard instruction on flight. Thus, it appears from a review of the record that the State, in calling for a bench conference after the trial court instructed the jury, was not attempting to surprise Lockwood, but, rather, was seeking to have the trial court instruct the jury on evidence of flight as had been discussed in the charge conference.

(*Exh. D at 7 n.2; emphasis in original.*)

Lockwood's allegations are insufficient to compel a finding that his trial counsel was ineffective for failing to object to the court's flight instructions or the manner in which they were given. *See Strickland* 466 U.S. at 694. The state court's rejection of this claim was objectively reasonable. *Williams*, 529 U.S. at 405-06. This decision was likewise a reasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2). Therefore, Lockwood is not entitled to federal habeas relief based on this claim.

### 4. Failure to Object to Trial Court's Failure to Instruct Jury That it Could Disregard Defendant's Statement to Police and Could Find Defendant Not Guilty of Any Crime

Finally, Lockwood contends that he was denied effective assistance of counsel when

14

his trial counsel failed to object to the trial court's failure to instruct the jury that it had the option to disregard his statement to police and could find him not guilty of any crime. (*Doc. No. 1 at 7-8.*)  As the respondents note in their answer (*Doc. No. 9 at 11*), Lockwood's contentions in this regard are contradicted by the record, which reflects that the trial court properly instructed the jury on reasonable doubt; on the presumption of innocence; on the jury's duty as the factfinder in the case; on the jury's right to disregard all, some, or none of the testimony from any witness; and on the jury's duty to find Lockwood not guilty if it did not believe the State had proved each element of the charged offenses. (*Exh. A - Vol. 4 at 40-49.*)  Lockwood neither specifically alleges how the trial court's instructions were deficient nor suggests the substance of any instructions the trial court should have given, but did not. Once again, Lockwood's conclusory allegations that his counsel rendered ineffective assistance are insufficient to satisfy the *Strickland* standard.  The state court's rejection of this claim was objectively reasonable.  *Williams*, 529 U.S. at 405-06.  Consequently, federal habeas relief is unwarranted on this claim of ineffective assistance of counsel.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Lockwood be denied and that this case be dismissed with prejudice.  It is further

ORDERED that on or before **October 12, 2009,** the parties shall file objections to the Recommendation.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 29th day of September, 2009.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

16