IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALBERT JEROME LOCKWOOD, ) | |
| # 134376, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | CASE NO. 2:07-CV-715-WKW [WO] |
| ) | |
| RALPH HOOKS, *et al.*, ) | |
| ) | |
| Respondents ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on inmate Albert Jerome Lockwood's ("Mr. Lockwood") petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 (Doc. # 1), the Magistrate Judge's Recommendation that Mr. Lockwood's petition (Doc. # 21) be denied, and Mr. Lockwood's objections to the Magistrate Judge's Recommendation (Doc. # 23). After careful consideration of the applicable law, the parties' briefs, and the record as a whole, the court finds that Mr. Lockwood's objections are due to be overruled and the Magistrate Judge's Recommendation is due to be adopted.

**I.  FACTS AND PROCEDURAL HISTORY**

Mr. Lockwood seeks relief from his 2004 conviction for attempted murder following a jury trial in Circuit Court of Montgomery County, Alabama. Mr. Lockwood filed a direct appeal, presenting claims that, among other things, the trial court erred in admitting into

evidence (1) a transcript of a statement he made to police when the audiotape recording of that statement had been lost by law enforcement and (2) his statement to police. (Doc. # 9, Ex. B.) He contended that the transcript was inadmissable because the audiotape was lost in bad faith and that the statement was inadmissable because it was taken in violation of his right to remain silent and his right to an attorney. (Doc. # 9, Ex. B.) The Alabama Court of Criminal Appeals affirmed Mr. Lockwood's conviction and sentence, holding (1) that his argument that the trial court erred in admitting the transcript of his statement to police was "meritless" and (2) that Mr. Lockwood's remaining claims had not been properly preserved for appellate review. (Doc. # 9, Ex. D 2-4.) Mr. Lockwood did not seek certiorari review with the Alabama Supreme Court, and the Alabama Court of Criminal Appeals entered a certificate of judgment on November 3, 2004. (Doc. # 9, Ex. G.)

Mr. Lockwood subsequently filed a state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure, arguing that he was denied effective assistance of counsel because counsel failed to preserve, among other things, the following claims for appellate review: (1) the improper admission of the transcript of his statement to police when the evidence showed that the police acted in bad faith in losing the audio recording, and (2) the improper admission of his statement to police when the evidence showed that it was procured in violation of his constitutional right to remain silent and have an attorney present. (Doc. # 9, Ex. H 5-25.) The trial court denied Mr. Lockwood's Rule 32 petition. The Alabama Court of Criminal Appeals affirmed the trial court, holding that Mr. Lockwood

"failed to meet the two-prong test required by *Strickland* [*v. Washington*, 466 U.S. 668 1984] to prevail on an ineffective assistance of counsel claim." (Doc. # 9, Ex. K.) Mr. Lockwood subsequently filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. # 1.) The Magistrate Judge recommended that his petition be denied. (Doc. # 21.)

## II. DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1), the court conducts a *de novo* review of the portions of the Recommendation to which objections are made. Mr. Lockwood objects to the Magistrate Judge's Recommendation on two grounds. First, Mr. Lockwood claims that the Magistrate Judge afforded improper deference to the state court's opinion under § 2254(d). (Doc. # 23, at 5-6).) Second, Mr. Lockwood contends that the Magistrate Judge incorrectly found that the state court's holding was neither "contrary to" federal law nor "involved an unreasonable application" of federal law under § 2254(d)(1). (Doc. # 23, at 6-7.)

Mr. Lockwood first contends that § 2254(d)'s deferential standard does not apply in this case because the state court did not resolve the merits of his claim. Section 2254(d) provides that "an application for a writ of habeas corpus . . . shall not be granted with respect to any claim *that was adjudicated in State court proceedings* unless the adjudication of the claim" was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." *Id.* (emphasis added). Mr. Lockwood claims that the state court did not apply the correct standard to his ineffective

3

assistance of counsel claim and that "where a State Court misconstrues a properly raised claim, the State Court fails to resolve the merits of the claim." (Pet'r Br. 6 (Doc. # 23).) Mr. Lockwood's argument lacks merit.

Mr. Lockwood first raised his ineffective assistance of counsel claim in his Rule 32 petition in state court on January 24, 2005. (Doc. # 9, Ex. H, at 5-11.) The Alabama trial court denied his petition for state habeas corpus relief, finding that Mr. Lockwood "failed to meet his burden of proof regarding ineffective assistance of counsel" as to the admission of the transcript and his statement to police. (Doc. # 9, Ex. H, at 31-32.) In affirming the trial court, the Alabama Court of Criminal Appeals provided a detailed explanation of the two-prong test for ineffective assistance of counsel claims brought under *Strickland*. (Doc. # 9, Ex. K, at 2-5.) The court ultimately held that Mr. Lockwood failed to satisfy the two-prong test because he "failed to prove that his counsel's performance was deficient" and "fail[ed] to prove how that alleged deficiency prejudiced his defense." (Doc. # 9, Ex. K, at 5.) Contrary to Mr. Lockwood's contention, the state court clearly resolved the merits of his ineffective assistance of counsel claim, and the Magistrate Judge was correct to apply the deferential standard of § 2254(d).

Mr. Lockwood's reliance on *Davis v. Secretary for the Department of Corrections* is misplaced. 341 F.3d 1310 (11th Cir. 2003). *Davis* addressed the unusual scenario where a defendant raises the claim that trial counsel, "while efficacious in raising an issue [during trial], nonetheless failed to preserve it for appeal." *Id.* at 1316. In *Davis*, the petitioner's

4

(Davis) attorney raised a *Batson* challenge during jury selection, but did not preserve the claim for appellate review by renewing his objections before the swearing in of the jury. *Id.* at 1312. After the state appellate court declined to address the *Batson* issue on appeal, the petitioner filed a state habeas petition, asserting a claim for ineffective assistance of counsel for failing to preserve the *Batson* challenge. *Id.* The state habeas petition was denied, and the denial was affirmed. *Id.* at 1313. As explained in *Davis*, the state courts construed his claim as "resting on the clearly unsupported assertion that trial counsel failed *to raise* a *Batson* claim." *Id.* In other words, the state court never addressed the true basis for Davis' ineffective assistance of counsel claim. Thus, as the Eleventh Circuit ultimately held, the state court did not resolve the merits of Davis' claim, and the deferential standard of § 2254(d) did not apply. *Id.*

Mr. Lockwood contends that the same thing has happened here – namely, that the state courts only resolved whether his attorney was ineffective for *failing to object*[1] to the introduction of the evidence at issue, and not whether his attorney was ineffective for *failing to preserve* the evidentiary issues for appeal. However, this case does not involve the unusual scenario in *Davis* where an attorney timely objects, yet fails to preserve the objection for appellate review. The issue in *Davis* was "not trial counsel's failure to bring the *Batson* issue to the attention of the trial court, but failure in his *separate and distinct role* of

---

[1] Although Mr. Lockwood's attorney objected to the introduction of the transcript, Mr. Lockwood claims that his attorney did not do so on the basis of bad faith. (Doc. # 9, Ex. B, at 3.) In other words, Mr. Lockwood contends that his trial counsel did not *properly* object at trial.

preserving error for appeal." *Id.* at 1315 (internal quotations marks omitted) (emphasis added). Here, on the other hand, the failure to object and failure to preserve are one in the same. While the attorney error in *Davis* – failure to preserve the previously-asserted *Batson* challenge for appeal – "was, by its nature, unrelated to the outcome of [the petitioner's] trial," *id.*, here, if Mr. Lockwood is correct that the evidence at issue was inadmissible, the failure to object necessarily affected the trial itself.

It appears that Mr. Lockwood's second objection relates to whether the Magistrate Judge correctly found that the state court's rejection of Mr. Lockwood's ineffective assistance of counsel claim was "objectively reasonable" under § 2254(d)(1). As noted above, to prevail on a federal habeas petition under § 2254(d), Mr. Lockwood must demonstrate that the state court's adjudication of the claim resulted in a decision that was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." Mr. Lockwood claims that the Magistrate Judge "misunderst[ood] the applicable law" and "misconstru[ed] the claim." (Pet'r Br. 7.) Thus, Mr. Lockwood appears to argue that the Magistrate Judge incorrectly found that the state court's holding was neither "contrary to" federal law nor "involved an unreasonable application" of federal law under § 2254(d)(1).

To show that a state court's decision was "contrary to" clearly established federal law, Mr. Lockwood must show that the state court (1) failed to apply the correct controlling

authority, or (2) applied the correct controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reached a different result. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000) (defining "contrary to" as "diametrically different," "opposite in character or nature," or "mutually opposed"). Mr. Lockwood claims that *Davis* is controlling authority in this case and that by failing to apply *Davis*, the state court's decision was "contrary to" clearly established law. As discussed above, *Davis* relates to the causation prong of a claim for ineffective assistance of counsel – *i.e.*, that the attorney's deficient performance prejudiced the defendant's defense. *Strickland*, 466 U.S. at 687. Mr. Lockwood contends that according to *Davis*, the correct inquiry in this case is not the likelihood of a more favorable outcome *at trial*, but the likelihood of a more favorable outcome *on appeal*. As discussed above, *Davis* applies when a defendant raises "the unusual claim" that his attorney, despite having appropriately raised an issue at trial, was nonetheless ineffective for failing to preserve that issue for appeal. 341 F.3d at 1316. Here, however, Mr. Lockwood contends that his attorney failed to preserve the evidentiary issues for appellate review by failing to object properly to the introduction of that evidence during trial. Thus, *Davis* is inapposite. The state court applied the correct controlling authority, and the decision was not "contrary to" clearly established law.

Mr. Lockwood further objects on the basis of the state court's application of the law to his ineffective assistance of counsel claim. To show that a state court's decision involved an "unreasonable application" of clearly established federal law under § 2254(d)(1), Mr.

7

Lockwood must show that although the state court correctly identified the governing law, it applied the law to the facts in an objectively unreasonable manner, or extended or failed to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 407. "Under § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

Mr. Lockwood disputes the state court's application of the law to his attorney's failure to object to the admission of the transcript of his statement to police on the basis of bad faith. Alabama law clearly establishes the admissibility of such evidence absent a showing of bad faith: "Where the tape-recorded statement or conversation is missing or unavailable, '[a] typewritten transcript of [the recording] is admissible where the officer who listened to the conversation at the time of the recording testifies that the transcript accurately reflect[s] the conversation.'" *Jackson v. State*, 594 So. 2d 1289, 1297 (Ala. Crim. App. 1991) (quoting *Hawkins v. State*, 443 So. 2d 1312, 1314-15 (Ala. Crim. App. 1983).

Here, Officer D. J. Belcher testified at Mr. Lockwood's trial that he was present during the interview with Mr. Lockwood, he reviewed the audiotape before it was lost, he compared the audiotape to the transcript, and the transcript accurately represented the conversation. (Trial Tr., Doc. # 9, Ex. A, Vol 2, at 149-50.) Thus, the prosecution satisfied

8

the "reliable representation standard" discussed in *Jackson*, and the evidence was not inadmissable on this basis. Rather than disputing the reliability of the transcript, Mr. Lockwood contends that the Montgomery Police Department lost the audiotapes in bad faith. Specifically, he claims that his counsel's failure to object to the admission of this evidence on this basis prejudiced his defense because "it is undisputed that Detective Belcher [k]new that [the] audio tape held exculpatory value, since the tape contained evidence that petitioner had invoked his right to remain silent and right to counsel[,]" and that "the record substantiates that the Montgomery Police Department destroyed the evidence." (Pet'r Br. 7.) This allegation is not supported by the trial testimony. Officer Belcher testified at trial as follows:

> Q:   So you reviewed the audiotape and compared it with the transcription to determine if there were any errors; is that correct?
>
> A:   That's correct.
>
> Q:   After that review, after you reviewed the transcript and the audio tape, what did you do with those items?
>
> A:   After I – I put them in a box, and we put them – the tape and the transcript w[ere] placed in a box.
>
> Q.   Okay. And I assume that you were – well, what was your intent? Who were you trying to turn that item over to?
>
> A:   I was trying to turn it over to wh[o] is now Sergeant Jeff Davis.
>
> Q:   Do you know if he ever received that audiotape?
>
> A:   My understanding, Mr. Jeff Davis received the – what I have here in front of me, the transcri[ption], but not the audiotape.

9

> Q: Have you been able to locate that audiotape?
>
> A: No, sir. We've looked very diligently. I've looked everywhere basically and just haven't been able to find the tape.
>
> Q: Is it lost at this point?
>
> A: At this point, it is.
>
> Q: But you do have the transcription?
>
> A: Yes, sir.

(Trial Tr., Doc. # 9, Ex. A, Vol 2, at 150-51.)

Mr. Lockwood points to no evidence disputing this testimony. Thus, the state court's determination that defense counsel's failure to object to the admission of the transcript on the basis of bad faith did not prejudice Mr. Lockwood's defense was not unreasonable – there is no evidence, other than mere speculation as to Officer Belcher's knowledge, that the audiotape was lost in bad faith. Accordingly, the state court's rejection of Mr. Lockwood's ineffective assistance of counsel claim was objectively reasonable, and Mr. Lockwood is not entitled to federal habeas relief on this basis.

### III. CONCLUSION

For the foregoing reasons, it is ORDERED as follow:

(1) Mr. Lockwood's objections (Doc. # 23) are OVERRULED;

(2) the Recommendation of the Magistrate Judge (Doc. # 21) is ADOPTED;

(3) Mr. Lockwood's Petition for Habeas Corpus Relief (Doc. # 1) is DENIED; and

(4)     this case is DISMISSED with prejudice.

DONE this 20th day of November, 2009.

                                              /s/  W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE